WERNER v. REISNER.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

EVIDENCE (§ 258*)—ADMISSIONS—PRELIMINARY EVIDENCE.

Where the agency of a third person for defendant could be implied from general course of business, whereby plaintiff during several years had sold goods to defendant, and the third person came to plaintiff's store and took away, in a wagon bearing defendant's name, the goods sued for, as' he had previously done, conversations at the time of sale, explaining why the goods were billed to one not defendant, were admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1006, 1007; Dec. Dig. § 258.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Charles Werner against Abraham Reisner. From a judgment of dismissal, plaintiff appeals. Reversed, and new trial granted.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Bogart & Bogart, of New York City (John Bogart and Isidore Weckstein, both of New York City, of counsel), for appellant.

Philip Haas, of New York City (Samuel C. David, of New York City, of counsel), for respondent.

PAGE, J. The action was brought to recover the agreed price of poultry alleged to have been sold by the plaintiff to the defendant. At the trial it was conceded on the record that the goods mentioned in the complaint to the amount of $793.06 were delivered to 521 Water street, and that $693.06 was paid, and the balance of $100 is owing. The goods were sold on July 25, 1914. The defense is a general denial, in support of which the defendant testified that on June 1, 1914, he and his son, Jacob Reisner, having up to that time been in partnership in the poultry business, sold their business to a corporation at 521 Water street, and thereafter his son worked for the corporation, and the defendant continued business personally at 39 Ludlow street. It was then shown by some carbon copies of bills made out by the plaintiff that the goods were billed to Third Street Poultry Company at 521 Water street. The plaintiff's clerk testified that he sold the goods to Jacob Reisner, the defendant's son, who called to purchase and receive them in a wagon bearing the name "A. Reisner, 39 Ludlow Street," and that for several years Jacob Reisner had been purchasing poultry in the same way for the defendant. It was also proved that all except $100 of the bill was paid for by a check of A. Reisner & Co., signed by the defendant personally. After the bills to Third Street Poultry Company had been placed in evidence, the plaintiff's witness, who sold the goods, attempted to explain the manner in which they were billed by a conversation had with Jacob Reisner at the time of the sale and before the transaction was finished. This was excluded by the court and the complaint dismissed.

I am of the opinion that there was sufficient evidence of an agency

on the part of Jacob Reisner for the defendant to be implied from the general course of dealings and the fact that he came to the plaintiff's store and took away the goods in a wagon bearing his father's name, as he had previously done, upon which the plaintiff was entitled to rely, and the conversations at the time of the sale should have been admitted, to explain why the goods were billed to the Third Street Poultry Company.

Judgment should be reversed, and new trial granted, with costs to the appellant to abide the event. All concur.